IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MARY BROWN,
     Plaintiff

                                    Case No. 19-cv-11603

v.                                     Hon.


HARTFORD NURSING AND REHAB CENTER,

      Defendant

_____/

CARLA D. AIKENS, P.C.
CARLA D. AIKENS (P69530)
CONNOR B. GALLAGHER (P82104)
*Attorneys for* Plaintiff
615 Griswold Street, Suite 709
Detroit, Michigan 48226
carla@aikenslawfirm.com
Phone: (844) 835-2993
Fax: (877) 454-1680


_____/

## JURY DEMAND

COMES NOW Plaintiff and hereby makes her claim for trial by jury hereunder.

## COMPLAINT

COMES NOW Plaintiff through her undersigned counsel and states the following in support of her claims.

## JURISDICTION

1. Plaintiff is a resident of Wayne County.

2. Defendant is doing business in Wayne County and is located there.

3. This court has jurisdiction over these claims on the basis of federal question jurisdiction pursuant to title 7 Civil Rights Act of 1964, 42 USC sec.2000 9-16, and the state claims by supplemental jurisdiction through 28 USC sec. 1367 et seq.


## VENUE

4. Venue is proper in this court, the  Eastern District of Michigan  pursuant to sec. 706 d3 of Title 7 42 USC sec. 2000e-5(f)(3) 5c, unlawful employment discrimination, which occurred here.

## FACTUAL AVERMENTS OF PLAINTIFF

5. Plaintiff began work at Defendant's nursing home on August 31, 2017.

6. She became pregnant in September of 2017.

7. Her physician became concerned that a placental abruption would occur. He thereupon placed Plaintiff on a weight lifting restriction of no more than 20 pounds, on November 14, 2017.

8. Despite these restrictions, Defendant's management wanted Plaintiff to continue working without restriction.

9. On December 13, 2017, because Plaintiff's condition had worsened, her doctor took her off of work and increased her restrictions.

10. Plaintiff notified Defendant's management about each physician restriction timely and informed it before taking off work on several occasions by reason of her pregnancy complications.

11. Notwithstanding, Plaintiff was sent a letter on December 13, 2017 that she was being terminated, effective January 12, 2018, for two alleged "no-call, no shows" on December 10 and 12, 2017.

12. Plaintiff sustained damages as a result of her termination including emotional distress, mental anguish, loss of future employment, back pay, front pay, attorney's fees, costs, and interest, together with damages borne out through discovery and trial.

13. Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") regarding the discrimination,which was ultimately dismissed and a notice of her right to sue was issued ("Right to Sue Letter").

14. Plaintiff did not receive the Right to Sue Letter until the EEOC sent the same to her counsel on March 1, 2019.

## COUNT I

### TITLE VII – GENDER-BASED HARASSMENT

15. Plaintiff incorporates all averments above word for word as if herein alleged.

16. At all times relevant, Plaintiff was employed by Defendant.

17. Defendant is a covered "employer" within the meaning of Title 7 of the Civil Rights Act of 1964.

18. Plaintiff is a woman, and at all times relevant, Plaintiff was pregnant, which Defendant had knowledge thereof.

19. Plaintiff was qualified for her job as she worked for a period of time for Defendant, devoid of incident, and performed the essential functions of her job despite her pregnancy.

20.  A respondeat superior relationship existed between Defendant and its employees who discriminated against Plaintiff, and Defendant's management had the ability to direct and impact Plaintiff's work activity.

21.  Defendant acted intentionally when Defendant told Plaintiff to come to work devoid of any work restrictions provided and ordered by her physician.

22. Defendant sent a letter terminating Plaintiff, despite her physician's orders.

23. Defendant violated the terms, edicts and regulations of the Civil Rights Act, which makes

it unlawful to harass an employee by reason of their gender.

24. Defendant's conduct was intended to or in fact did substantially interfere with Plaintiff's employment and created a hostile and offensive work environment.

25. Pllaintiff sustained damages therefore as set forth above, and Plaintiff requests the relief set forth in the prayer for relief below.

## COUNT II

### TITLE VII PREGNANCY BASED HARRASSMENT

### (REPRISAL OF COUNT I ALLEGATIONS)

26. Plaintiff incorporates the averments set forth above word for word as if fully set forth herein.

27. Defendant's conduct as alleged above constitutes harassment based on Plaintiff's pregnancy in violation of Title VII, which makes it unlawful to harass an employee by reason of their pregnancy.

28. Defendant's conduct was intended to or in fact did substantially interfere with Plaintiff's employment and created an intimidating, hostile and offensive work environment.

29. As a proximate result of Defendant's discriminatory actions, Plaintiff has sustained losses in compensation, earning capacity, humiliation, mental anguish and emotional distress. As a result of these actions and consequent harms, Plaintiff has suffered such further damages to be determined at discovery and trial.

30. Plaintiff requests the relief described in the Prayer for Relief below.

## COUNT III

### TITLE VII PROTECTED ACTIVITY BASED RETALIATION

31. Plaintiff incorporates the averments set forth above word for word as if fully set forth herein.

32. At all times relevant, Plaintiff was an employee of Defendant.

33. Defendant further, is a covered "employer" within the meaning of Title VII.

34. A respondeat superior relationship existed between Plaintiff and Defendant, through its management, which had the ability to make decisions impacting Plaintiff's work activity.

35. Plaintiff is a woman and at all times relevant, Plaintiff was pregnant, and Defendant and its management had knowledge thereof.

36. That further, Plaintiff engaged in protected activity, pursuant to the Family Medical Leave Act, 29 USC 2601 et seq., and the Americans with Disabilities Act, when she submitted to her employer Defendant to take time off due to her pregnancy complications and to be allowed to work under the restrictions ordered by her physician timely given to Defendant.

37. Defendant retaliated against Plaintiff by scheduling her to work without restrictions and further terminating her after getting the additional restrictions and order to take off work completely.

38. That such conduct was deplorable and the same was the proximate cause of Plaintiff's damages sustained, including losses in compensation, back pay, front pay, mental anguish, emotional distress, humiliation, loss of earning capacity, other damages to be determined by way of discovery and at trial.

39. Plaintiff requests the relief described below in the Prayer for Relief.

## COUNT IV
## VIOLATION OF AMERICANS WITH DISABILITIES

40. Plaintiff incorporates the averments set forth above word for word as if fully set forth herein.

41. At all material times, Plaintiff was an employee, and Defendant was an employer, covered by and within the meaning of the ADA, 42 U.S.C. § 12101, et seq.

42. A respondeat superior relationship existed because Defendant's managers had the ability to undertake or recommend tangible decisions affecting Plaintiff and/or the authority to direct Plaintiff's daily work activity, as alleged throughout this complaint.

43. Plaintiff was diagnosed with placental abruption, as well as other diagnoses, and as a result, Plaintiff has a disability within the meaning of the ADA.

44. Plaintiff's disabilities under the ADA are qualified, meaning that, with reasonable accommodation, she could perform the essential functions and duties of her job.

45. Section 12112(a) of the ADA, makes it illegal to "discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

46. As more thoroughly outlined throughout this complaint, Plaintiff was discriminated against on the basis of her disability in regard to advancement, discharge, compensation, and other terms, conditions, and privileges of employment when she was terminated because of it.

47. Defendant's unlawful employment practices were done intentionally, with malice, or with reckless indifference to Plaintiff's rights.

48. But for Defendant's illegal discrimination, Plaintiff would not have been damaged nor discharged.

49. As a direct and proximate result of Defendant's discriminatory actions, Plaintiff has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional distress.

50. As a result of those actions and consequent harms, Plaintiff has suffered such damages in an amount to be proven at trial.

51. Plaintiff requests relief as described in the Prayer for Relief below.

<u>COUNT V</u>

**DISCRIMINATION ON THE BASIS OF DISABILITY IN VIOLATION OF THEMICHIGAN PERSONS WITH DISABILITY ACT, MCL 37.1201, et seq.**

**("PWDCRA")**

52. Plaintiff incorporates the averments set forth above word for word as if fully set forth herein.

53. At all material times, Plaintiff was an employee, and Defendant was an employer, covered by and within the meaning of the PWDCRA.

54. A respondeat superior relationship existed because Defendant's managers had the ability to undertake or recommend tangible decisions affecting Plaintiff and/or the authority to direct Plaintiff's daily work activity, as alleged throughout this complaint.

55. Plaintiff has a disability within the meaning of the PWDCRA.

56. Plaintiff's disability is qualified, meaning that, with reasonable accommodation, she can perform the essential functions and duties of her job.

57. MCL 37.1202(b) makes it illegal to, "[d]ischarge or otherwise discriminate against an individual with respect to compensation or the terms, conditions, or privileges of employment, because of a disability … that is unrelated to the individual's ability to

perform the duties of a particular job or position."

58. Plaintiff was discharged after Defendant attempted to make her work against her doctor's orders.

59. Moreover, and as more thoroughly laid out in the statement of facts, Defendant otherwise discriminated against Plaintiff with respect to the terms, conditions, and privileges of her employment because of her disability when it discharged her.

60. Defendant's unlawful employment practices were done intentionally, with malice, or with reckless indifference to Plaintiff's rights.

61. But for Defendant's illegal discrimination, Plaintiff would not have been damaged nor discharged.

62. As a direct and proximate result of Defendant's discriminatory actions, Plaintiff has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional distress.

63. As a result of those actions and consequent harms, Plaintiff has suffered such damages in an amount to be proven at trial.

64. Plaintiff requests relief as described in the Prayer for Relief below.

<u>**COUNT VI**</u>

<u>**ELLIOTT LARSEN CIVIL RIGHTS ACT**</u>

<u>**HARASSMENT ON BASIS OF PREGNANCY**</u>

65. Plaintiff incorporates by reference the averments above word for word as if fully set forth herein.

66. At all times relevant, Plaintiff was employed by Defendant.

67. Defendant was a covered "employer" within the meaning of the Elliot Larsen Civil

Rights Act of 1976, MCL 37, 2101 et seq. ("ELCRA").

68. Defendant's conduct as alleged constitutes harassment based on Plaintiff's pregnancy in violation of the ELCRA, which makes it unlawful to discriminate against an employee by reason of their pregnancy.

69. Defendant's conduct was intended to and or in fact did substantially interfere with Plaintiff's employment and created an intimidating, hostile and offensive work environment.

70. As a proximate result of Defendant's discriminatory actions, Plaintiff has sustained losses in compensation, earning capacity, humiliation, mental anguish, emotional distress and damages to be determined through discovery and trial. And Plaintiff requests the Relief below.

<u>**COUNT VIIII**</u>
<u>**ELLIOTT LARSEN CIVIL RIGHTS ACT**</u>
<u>**GENDER DISCRIMINATION HARRASSMENT**</u>

71. Plaintiff incorporates by reference each word for word as if fully set forth herein.

72. Defendant's conduct above constitutes harassment based on Plaintiff's gender in violation of the ELCRA, which makes it unlawful to harass an individual by reason of their gender.

73. That Defendant's conduct was intended to or in fact did substantially interfere with Plaintiff's employment and created an intimidating, hostile and offensive work environment.

74. As a proximate result of Defendant's discriminatory actions, Plaintiff sustained losses in compensation, earning capacity, humiliation, and mental anguish, and emotional distress,

damages to be proven through discovery and at trial. Plaintiff further requests the Relief in the Prayer for Relief below.

## COUNT IX

## ELLIOTT LARSEN CIVIL RIGHTS ACT

## RETALIATION

75. Plaintiff incorporates by reference word for word the above as if fully set forth.

76. At all times relevant Plaintiff, was an employee of Defendant.

77. Defendant was a covered "employer" under the ELCRA.

78. That further, a respondeat superior relationship existed between Defendant and Defendant's management by reason that Defendant's managers had the authority to make decisions impacting Plaintiff's work activity daily and to direct the same.

79. Further, Plaintiff is a woman and at all times relevant Plaintiff was pregnant and Defendant was aware of her pregnancy.

80. Plaintiff further engaged in protected activity pursuant to the Family Medical Leave Act 29 USC 2601 et seq., and the Americans with Disabilities Act, when she submitted her doctor's note and orders restricting her work duties and taking her off of work entirely due to her pregnancy complications.

81. Defendant terminated Plaintiff and by doing so retaliated against Plaintiff, constituting unlawful discriminatory actions.

82. As a proximate result of Defendant's actions, Plaintiff sustained losses in compensation, earning capacity, humiliation, mental anguish, emotional distress, front pay, and back pay, and other damages to be determined through discovery and at trial.

83. Plaintiff requests Relief per the below Prayer for Relief.

## COUNT X

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

84. Plaintiff incorporates by reference each averment above word for word as if fully set forth herein.

85. That the conduct of Defendant and its management in demanding that plaintiff work without restrictions despite the condition of being pregnant and experiencing pregnancy complications is reckless conduct.

86. That the conduct of Defendant and its managers was extreme and outrageous.

87. That said conduct was the direct cause of Plaintiff's severe emotional distress and mental anguish and Plaintiff requests the Relief below.

## PRAYER FOR RELIEF

Wherefore Plaintiff requests the following relief:

1. Compensatory damages.

2. Punitive damages

3. Lost wages, fringe benefits, front pay.

4. Interest, costs, attorney's fees and equitable relief; and

5. Any other relief permitted as set forth in the Acts hereunder.

Dated: May 29, 2019

Respectfully Submitted by:

CARLA D. AIKENS, P.C.
*/s/ Carla D. Aikens*
Carla D. Aikens (P69530)
Connor B. Gallagher (P82104)
Attorneys for Plaintiff
615 Griswold Street, Suite 709

Detroit, MI 48226
(844) 835-2993